IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 3:95cr3005/LAC
3:13cv428/LAC/EMT

CARLOS MOSQUEDA
_____/

### ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 344). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant was sentenced to a term of life imprisonment after his conviction of controlled substance offenses (doc. 94). His conviction and sentence were affirmed on appeal (doc. 172), and he then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 176). This motion was denied initially and on reconsideration (docs. 194, 196–198). Defendant also filed a "Petition for a Writ of Habeas Corpus Error Coram Nobis" which was denied due to Defendant's failure to obtain leave to file a second or successive § 2255 motion from the Eleventh Circuit (docs. 236, 237, 242), followed by a Rule 60(b) motion and motion for reconsideration thereof, both of which were denied (docs. 243–247). In 2005 and again in 2006, the Eleventh Circuit denied Defendant's applications for leave to file a second or successive § 2255 motion (docs. 269, 272). He then filed two motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which

were denied (docs. 273, 274, 290–293). A third motion pursuant to 18 U.S.C. § 3582 was granted, and Defendant's sentence was reduced to 405 months (docs. 323, 331). He then filed a motion to reopen his § 2255 motion, which was denied (doc. 325, 329). Defendant's "Amended Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offenses" was also denied (docs. 334, 337), as was his petition for reconsideration of the court's order reducing his sentence from life to 405 months (docs. 335, 338). The appeal of this order was dismissed in March of 2012 for failure to prosecute (doc. 343). The instant motion was filed in July of 2013.

As Defendant is aware, before a second or successive application for § 2255 relief is filed in the district court, he must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). Such authorization is required even if Defendant were correct that the Supreme Court's decisions in Alleyne v. United States, 133 S. Ct. 2151 (2013) and Descamps v. United States, 133 S. Ct. 2276 (2013) each create "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (*see* doc. 344 at 4), which the court need not decide here. 28 U.S.C. § 2255(h)(2).

In an attempt to circumvent this requirement, Defendant has filed a "Motion for Declaratory Judgment Acknowledging Jurisdiction of 28 U.S.C. § 2255(f)(3) and Procedures under 28 U.S.C. § 2244 Being Unnecessary" (doc. 345). He argues therein that the Eleventh Circuit's decision in Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) stands for the proposition that because his claim "could not have been raised in an earlier petition" it "does not otherwise constitute an abuse of the writ." The circumstances giving rise to the court's comments in Medberry are completely distinguishable from the case at bar. As an example of when a "second" petition would not be "successive" within the meaning of the statute, the Medberry court identified a situation where a petitioner challenged his conviction or sentence under § 2254, but later sought to challenge a prison disciplinary hearing under the same statute. Such circumstances are clearly not analogous to those presented in this case. Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, despite the fact that he is clearly aware of the need to do so, based on the dismissal of his previous successive § 2255 motion (*see* docs. 269, 272).

Because he has failed to do so, and because Medberry does not excuse this omission, this court is without jurisdiction to entertain the § 2255 motion, and it must be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED**:

Defendant's "Motion for Declaratory Judgment Acknowledging Jurisdiction of 28 U.S.C. § 2255(f)(3) and Procedures under 28 U.S.C. § 2244 Being Unnecessary" (doc. 345) is **DENIED**.

And it is respectfully **RECOMMENDED** that:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 344), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of August 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:95cr3005/LAC; 3:13cv428/LAC/EMT

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**